No. _____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

*In re* FCI CAPITAL LLC and STEPHEN BLAIR SILVERBERG,

*Petitioners*.

## PETITION FOR WRIT OF MANDAMUS

**On Petition for Writ of Mandamus to the United States District Court
for the Western District of Texas**
Civil Action No. 1:18-cv-00635-RP
*Honorable Robert Pitman, District Judge*

Sean E. Breen
Texas Bar No. 00783715
Randy R. Howry
Texas Bar No. 10121690
Timothy J. Herman
Texas Bar No. 09513700
HOWRY BREEN & HERMAN, LLP
1900 Pearl Street
Austin, Texas 78705-5408
Tel. (512) 474-7300
Fax (512) 474-8557

*Attorneys for Petitioners*

December 21, 2018

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| Petitioners | Respondents |
| --- | --- |
| • FCI Capital LLC (intervenor in the proceedings below)<br>• Stephen Blair Silverberg (defendant in the proceedings below)<br><br>FCI Capital LLC does not have any parent corporation and there is no publicly held corporation that owns 10% or more of its stock. | • Hill Country Trust<br>• Goldstar Investments, Ltd. (plaintiffs in the proceedings below)<br><br>Gary Martin is believed to be the trustee of Hill Country Trust, and John Simmons is the principal of Goldstar Investments, Ltd. |

| Counsel for Petitioners | Counsel for Respondents Hill Country Trust and Goldstar |
| --- | --- |
| Sean E. Breen<br>Randy R. Howry<br>Timothy J. Herman<br>Ryan D. Ellis<br>HOWRY, BREEN & HERMAN, LLP<br>1900 Pearl Street<br>Austin, Texas 78705 | Neal A. Kennedy<br>KENNEDY LAW OFFICE, PLLC<br>101 Main Street<br>Marble Falls, Texas 78654<br><br>Bernard R. Given II<br>LOEB & LOEB, LLP<br>10100 Santa Monica Blvd.<br>Suite 2200<br>Los Angeles, California 90097<br><br>Matthew Dow<br>JACKSON WALKER LLP<br>100 Congress Ave.<br>Suite 1100<br>Austin, Texas 78701 |

| Respondent | Respondent |
|---|---|
| The Honorable Robert Pitman United States District Court for the Western District of Texas 501 West 5th Street, Suite 5300 Austin, Texas 78701 | Bedrock Funding Management, LLC (third-party defendant and counter-plaintiff in the proceedings below) |

| Counsel for Respondent Bedrock |
|---|
| Timothy Cleveland Carlos Soltero Matthew Murrell CLEVELAND TERRAZAS PLLC 4611 Bee Cave Road Suite 306B Austin, Texas 78746 |

| Respondent |
|---|
| Gary Martin (third-party defendant in the proceedings below) |

| Counsel for Respondent Martin |
|---|
| Robert Alden BYRD DAVIS ALDEN & HENRICHSON, LLP 707 West 34th Street Austin, Texas 78705 |



Sean E. Breen
*Attorney for Petitioner*

# STATEMENT REGARDING ORAL ARGUMENT

Petitioners bring this petition, in part, because the district court wrongly abrogated petitioner FCI Capital LLC's removal rights under 28 U.S.C. § 1454, which permits *any* party to remove a case to federal court when *any* party asserts a claim arising under the Copyright Act.

In the proceedings below, the district court said it perceived "an unresolved tension" between Section 1454 and 28 U.S.C. § 1446(b), which states that a defendant must remove a case within 30 days from when it receives an initial pleading or some other document from which it can ascertain that the case is removable. Although the district court agreed that the case below "arose under" the Copyright Act, it determined that the petitioner FCI Capital LLC's removal was untimely under Section 1446(b) because it should have removed, at the latest, by July 2, 2018.

But FCI Capital LLC *could not* have removed the underlying case by July 2 because it was not even a party to the case until July 27, when it first intervened and filed its notice of removal. Clear precedent from this Court holds that non-parties to a matter have no standing to initiate removal procedures.

The district court's error is clear and indisputable from the face of the record, and there is no adequate remedy for petitioners by appeal. Accordingly, petitioners do not believe that oral argument is necessary to decide this original proceeding.

Nevertheless, because the district court said it perceived an "unresolved tension" between Sections 1454 and 1446(b), and because this Court has recognized the "compelling need to settle a new issue so that it can become only an ordinary issue[,]"[1] in the event this Court believes that oral argument would assist it in reaching a decision, petitioners respectfully request oral argument pursuant to Fifth Circuit Rule 28.2.3.

---

[1] *In re EEOC*, 709 F.2d 392, 394–95 (5th Cir. 1983).

# TABLE OF CONTENTS

Certificate of Interested Persons ............................................................. i

Statement Regarding Oral Argument ..................................................... iii

Table of Contents ..................................................................................... v

Table of Authorities ............................................................................... vii

Relief Sought............................................................................................ 1

Jurisdictional Statement .......................................................................... 2

Issues Presented ...................................................................................... 4

Facts Necessary to Understand the Issues Presented .............................. 5

      I.     Factual Background............................................................... 5

      II.    Procedural Background ......................................................... 8

      III.   The District Court's Remand Order ...................................... 8

Reasons Why the Writ Should Issue........................................................ 11

      I.     The applicable legal standard............................................. 11

      II.    The district court clearly erred in issuing the remand order. .............. 12

            A.    Remand was clearly erroneous because intervenor FCI could not have removed the underlying case until it became a party. ........................................................ 12

                  1.    Section 1454 permits intervenors, such as FCI, to remove a case when any party asserts a Copyright Act claim........................................................ 13

                  2.    FCI could not have removed the underlying case before July 27 because it was not a party........................ 14

3. This Court's decision in *FDIC v. Loyd* is highly instructive. ...................................................................15

B. The district court clearly erred in remanding the case, because the original petition did not raise a federal question and did not start the removal clock. ..........................20

C. The Court clearly erred because it lacked the authority to grant a remand based on Respondents' untimely motion for remand. ................................................................25

D. The district court clearly abused its discretion in refusing to extend the time for removal under Section 1454(b)(2). .......27

III. Petitioners have no adequate remedy, and mandamus relief is especially appropriate in light of the district court's perceived "unresolved tension" in the law. .......................................................29

Conclusion ...........................................................................................31

Certificate of Service ...........................................................................33

Certificate of Compliance ....................................................................34

# TABLE OF AUTHORITIES

**Federal Cases**

*Accutrax, LLC v. Kildevaeld*, 140 F. Supp. 3d (D. Mass. 2015) ............................18

*Andrews v. Daughtry*, 994 F. Supp. 2d 728 (M.D.N.C. 2014) ................................18

*Bosky v. Kroger Tex., LP*, 288 F.3d 208 (5th Cir. 2002)........................................24

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009).....................................3

*Chavez v. Arte Publico Press*, 157 F.3d 282 (5th Cir. 1998) *rev'd en banc*, 178 F.3d 281 (5th Cir. 1988).......................................................................22

*Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367 (2004)............................... 11, 12

*De Jongh v. State Farm Lloyds*, 555 F. App'x 435 (5th Cir. 2014)............ 13, 14, 15

*Donahue v. Tokyo Electron Am., Inc.*, 42 F. Supp. 3d 829 (W.D. Tex. 2014)................................................................................... 13, 27, 28, 31

*FDIC v. Loyd*, 955 F.2d 316 (5th Cir. 1992) ................................................... passim

*Goodman v. Lee*, 815 F.2d 1030 (5th Cir. 1987) .....................................................21

*In re Allstate Ins. Co.,* 8 F.3d 219 (5th Cir. 1993)...............................................2, 30

*In re Am. Airlines, Inc.*, 972 F.2d 605 (5th Cir. 1992) ..................................... 11, 12

*In re Avantel, S.A.*, 343 F.3d 311 (5th Cir. 2003) ...................................................11

*In re Beazley Ins. Co.*, No. 09-20005, 2009 U.S. App. LEXIS 29463 (5th Cir. May 4, 2009) .................................................................................. 12, 30

*In re Burlington N., Inc.*, 822 F.2d 518 (5th Cir. 1987) ...........................................12

*In re Chesson*, 897 F.2d 156 (5th Cir. 1990) ...........................................................11

*In re Digicon Marine, Inc.*, 966 F.2d 158 (5th Cir. 1992)...................................2, 25

*In re EEOC*, 709 F.2d 392 (5th Cir. 1983) ................................................... iv, 12, 30

*In re Occidental Petrol. Corp.*, 217 F.3d 293 (5th Cir. 2000).................................11

*In re Reyes,* 814 F.2d 168 (5th Cir. 1987) .................................................................11

*In re Shell Oil Co.*, 932 F.2d 1518 (5th Cir. 1990)................................................2, 3

*In re Shell Oil Co.*, 932 F.2d 1523 (5th Cir. 1991).................................. 2, 26, 27, 30

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008)...................................12

*Jefferson v. Certain Underwriters at Lloyd's London*, 658 F. App'x
    738 (5th Cir. 2016)..................................................................................................3

*McDermott Int'l v. Lloyds Underwriters of London*, 944 F.2d 1199
    (5th Cir. 1991).......................................................................................................29

*Morgan v. Huntington Ingalls*, 879 F.3d 602 (5th Cir. 2018) .................................24

*S. Pac. Transp. Co. v. City of San Antonio*, 748 F.2d 266 (5th Cir.
    1984)......................................................................................................................11

*Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571 (5th Cir. 2006) .......................14

*Salts v. Epps*, 676 F.3d 468 (5th Cir. 2012)...............................................................27

*Schexnayder v. Entergy La., Inc.*, 394 F. 3d 280 (5th Cir. 2004) ............................18

*Schlagenhauf v. Holder*, 379 U.S. 104 (1964)..........................................................30

*Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982 (9th
    Cir. 2003) .............................................................................................................22

*T.B. Harms, Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964) ..........................................22

*Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336 (1976) ............................29

*Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 823 F. Supp. 2d 578 (S.D.
    Tex. 2011) .............................................................................................................22

*United States v. Denson*, 603 F.2d 1143 (5th Cir. 1979)..........................................11

*Univ. of Ky. Research Found., Inc. v. Niadyne, Inc.*, No. 13-16-GFVT,
    2013 U.S. Dist. LEXIS 158018 (E.D. Ky. Nov. 5, 2013) ...................................18

*Van Steenburg v. Hageman*, No. SA:14-CV-976-DAE, 2015 U.S.
    Dist. LEXIS 41318, (W.D. Tex. Mar. 31, 2015) .................................................27

*Wilson v. Dallas Cnty. Hosp. Dist.*, 715 F. App'x 319 (5th Cir. 2017)....................3

*Wis. Interscholastic Athletic Ass'n v. Gannett Co., Inc.*, 658 F.3d 614
   (7th Cir. 2011)................................................................................22

*XIP LLC v. Commtech Sales LLC*, No. 4:15-CV-664-A, 2015 U.S.
   Dist. LEXIS 149174 (N.D. Tex. Nov. 3, 2015)........................... 18, 24

## Federal Statutes

17 U.S.C. § 201 ................................................................................7, 9

28 U.S.C. § 1446 ........................................................................ passim

28 U.S.C. § 1447 ......................................................................... 2, 3, 25

28 U.S.C. § 1454 ........................................................................ passim

28 U.S.C. § 1651 ................................................................................2

## Federal Rules

FED. R. CIV. P. 6 .............................................................................27

## Treatises

WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 .........................28

# RELIEF SOUGHT

Petitioners seek a writ from this Court directing the district court to vacate its

November 26, 2018 order remanding this case to state court.[2]

---

[2] Remand Order, Appendix of Exhibits ("App'x") Exh. 18, p. 583.  Documents in petitioners' appendix of exhibits have been Bates numbered for ease of reference.  Citations to page numbers within the Appendix refer to the Bates numbers on each page.

# JURISDICTIONAL STATEMENT

Jurisdiction of this Court is invoked under the All Writs Act, which provides, in relevant part, that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."[3]

This Court has jurisdiction to review the district court's remand order and issue the writ requested, because the remand order was not based on a lack of subject matter jurisdiction.[4]  Indeed, the district court expressly found that it had subject matter jurisdiction over the underlying case.[5]

When a district court acts without statutory authority in remanding a case—as the district court did here—this Court may review and vacate the remand order.[6] This Court has specifically held that a district court's error in calculating a party's

---

[3] 28 U.S.C. § 1651(a).

[4] *See, e.g.*, *In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991) (holding that when a remand order is "based on some defect in the removal process, and not a lack of subject matter jurisdiction," the remand order is subject to appellate review); *In re Digicon Marine, Inc.*, 966 F.2d 158, 160 (5th Cir. 1992) ("the only remand orders which are clearly non-reviewable . . . are those based on lack of subject matter jurisdiction.").

[5] Remand Order, App'x Exh. 18, p. 592.

[6] *See, e.g., In re Allstate Ins. Co.,* 8 F.3d 219, 221 (5th Cir. 1993) (determining that a remand order was subject to mandamus review because the district court acted without statutory authority in remanding the case *sua sponte*); *FDIC v. Loyd*, 955 F.2d 316, 320–21 & 329 (5th Cir. 1992) (finding no bar to mandamus review of remand order when district court exceeded its statutory authority in remanding case); *In re Shell Oil Co.*, 932 F.2d 1518, 1520–21 (5th Cir. 1991) (holding a remand order was subject to mandamus review when it granted a motion that was filed outside of the 30-day window prescribed by 28 U.S.C. § 1447(c), thereby exceeding its statutory authority).

- 2 -

timeline for removal under Section 1446(b), and in considering a late-filed remand motion, both constitute independent grounds for mandamus review and reversal.[7]

In addition, if a district court remands a case as a matter of discretion, the remand order is reviewable.[8]  As the district court below noted on reconsideration, the remand order at issue was based, in part, on the court's discretionary denial of the petitioners' request for extension of time under 28 U.S.C. § 1454(b)(2), and thus it can be reviewed.[9]

---

[7] *See Loyd*, 955 F.2d at 329 (holding the district court's error in calculating when the thirty-day time limit began to run as to intervenor provided an independent ground for reversal); *Shell Oil*, 932 F.2d. at 1520–21 (finding reversible error when district court granted motion for remand that was filed outside of the 30-days stipulated in 28 U.S.C. § 1447(c)).

[8] *See Wilson v. Dallas Cnty. Hosp. Dist.*, 715 F. App'x 319, 322 (5th Cir. 2017) (citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 637 (2009)); *Jefferson v. Certain Underwriters at Lloyd's London*, 658 F. App'x 738, 740 (5th Cir. 2016) (noting that this Court has "consistently exercised appellate jurisdiction to review remand orders" based on discretionary grounds, such as declining to exercise supplemental jurisdiction).

[9] Order Denying Motion for Reconsideration, App'x Exh. 25, pp. 4–5 (finding that the remand order in this case was reviewable because it was based, at least in part, on an exercise of the court's discretion).

# ISSUES PRESENTED

1.  Whether the district court clearly erred in concluding that petitioner FCI Capital LLC should have removed the underlying case no later than July 2, 2018, when FCI Capital LLC was not a party to the case until July 27, 2018, and could not have initiated removal proceedings before then.

2.  Whether the district court clearly erred in concluding that respondents' original petition, which alleged only state law claims, triggered the 30-day time limit for petitioners to remove the underlying case to federal court.

3.  Whether the district court clearly erred in considering respondents' latest amended motion for remand, which was filed more than 90 days after petitioners removed the case to federal court.

4.  Whether the district court clearly abused its discretion in refusing to extend the deadline for petitioners to remove the underlying case pursuant to 28 U.S.C. § 1454(b)(2).

# FACTS NECESSARY TO UNDERSTAND THE ISSUES PRESENTED

## I.     Factual Background

This case turns on a dispute regarding the authorship and ownership of certain software.  Petitioners are Mr. Silverberg and FCI Capital LLC (a company owned by Mr. Silverberg, hereinafter "**FCI**" and collectively, "**Petitioners**").  Mr. Silverberg is the defendant below, and FCI is an intervenor below.  Petitioners authored the software at issue, and therefore own the software's copyright.

Respondents Hill Country Trust ("**Hill Country**") and Goldstar Investments, Ltd. ("**Goldstar**"), are the plaintiffs in the underlying case.  Hill Country and Goldstar are both members of Bedrock Funding Management, LLC ("**Bedrock**" collectively, with Hill Country and Goldstar, "**Respondents**").  Bedrock is in the business of providing consumer financing and leases for Harley-Davidson Motorcycles.

Mr. Silverberg is also a member of Bedrock, and served as an officer and manager of Bedrock.  Mr. Silverberg and FCI created software that could be customized to meet Bedrock's business needs (the "**Software**"), and agreed to license that Software to Bedrock.  As creators of the Software, however, Petitioners owned the copyright and could further customize and license the Software for other companies that did not compete with Bedrock.

When several other Bedrock investors demanded that Petitioners sign over

their rights in the Software to Bedrock, Petitioners refused to do so, prompting fellow investor, Gary Martin, to assault and threaten Mr. Silverberg. When that did not work, two Bedrock investors—Hill Country and Goldstar—sued Mr. Silverberg individually and derivatively on behalf of Bedrock, on April 24, 2018, in Texas state court in Burnet County.[10] That suit alleged only state law claims, including that Mr. Silverberg misappropriated Bedrock's "trade secrets" and breached fiduciary duties.[11]

In particular, Hill Country and Goldstar alleged that, based on Mr. Silverberg's agreements, representations, and the fiduciary duties he owed to Bedrock, Mr. Silverberg should have conveyed or assigned ownership of the Software to Bedrock.[12] Importantly, Hill Country and Goldstar did not sue FCI, although it is clear from their original state court petition that they knew of FCI's involvement in the development of the Software, that FCI had rights to the Software, and theorized that Mr. Silverberg and FCI were soliciting investors into FCI "with the purpose of permitting them to own a portion of the Software" and "usurp[ing] Bedrock's right to profit from the Software."[13]

On July 11, 2018, Bedrock made its first appearance in the Burnet County

---

[10] Plaintiffs' Original Petition, App'x Exh. 1, p. 15.

[11] *Id.* at 22, 27.

[12] *See id.* at 19–20, 25.

[13] *See id.*, at 20–21, 26.

suit—on its own behalf, and represented by different attorneys than Hill Country and Goldstar—by filing an answer to Mr. Silverberg's counterclaims and requesting declaratory relief against Mr. Silverberg.[14]    Specifically, Bedrock requested a declaratory judgment that the Software was authored by a third-party vendor—not Mr. Silverberg—and owned by Bedrock.[15]    Importantly, Bedrock's July 11 counterclaims represented the first time any party disputed Mr. Silverberg or FCI's *authorship* of the Software.

In response to Bedrock's claims, and as true author and owner of the Software, on July 27, Mr. Silverberg filed amended counterclaims in the Burnet County lawsuit asking for a declaration that he was an author of the software under 17 U.S.C. § 201(a).[16]

Also on July 27, FCI properly intervened in the Burnt County lawsuit to protect its rights as co-author of the Software, and requested a declaratory judgment that *it* was an author of the software under 17 U.S.C. § 201(a).[17]   That same day, Mr. Silverberg and FCI jointly removed the case from Burnet County to federal court pursuant to 28 U.S.C. § 1454.[18]

---

[14] Bedrock's Original answer and Counterclaims, App'x Exh. 1, p. 291.

[15] *Id.* at 294.

[16] Defendant's Second Amended Answer, App'x Exh. 1, pp. 314, 333–34.

[17] FCI's Petition in Intervention, App'x Exh. 1, pp. 341, 343–44.

[18] Notice of Removal, App'x Exh. 1, p. 4.

## II.     Procedural Background

Respondents filed a timely motion for remand on August 13, 2018,[19] which the district court denied as moot after Respondents filed an *amended* motion for remand on August 22.[20]  Although the amended motion was timely filed within 30 days of Petitioners' removal, the district court struck the amended motion for violating the Local Rules, and ordered Respondents to refile a motion that complied with the local rules by October 11, 2018.[21]  Respondents failed to file a compliant motion to remand until October 30, 2018.[22]

## III.     The District Court's Remand Order

On November 28, 2018, the district court entered an order (signed November 26) remanding the underlying case to state court.[23]  Although the district court found that federal jurisdiction existed over Petitioners' claims because they "arose under" the Copyright Act,[24] it determined that Petitioners' removal was untimely because Mr. Silverberg should have removed the case within 30 days of receiving the April 24 original petition under 28 U.S.C. § 1446(b).[25]

---

[19] Motion for Remand, App'x Exh. 2, p. 353.

[20] (First) Amended Motion for Remand, App'x Exh. 4, p. 379; Order Mooting Motion for Remand, App'x Exh. 8, p. 466.

[21] Order Striking Amended Motion for Remand, App'x Exh. 9, p. 469

[22] (Second) Amended Motion for Remand, App'x Exh. 14, p. 484.

[23] Remand Order, App'x Exh. 18, p. 583.

[24] *Id.* at 592.

[25] *Id.* at 596–57.

In arriving at this conclusion, the district court acknowledged that the original petition contained only state law claims over which it did not have jurisdiction.[26] Nevertheless, the district court concluded that, because the original petition involved allegations such as, "Silverberg represented that the Software would be owned by Bedrock," and "[t]he Software is rightfully owned by Bedrock[,]" Petitioners should have "ascertained the copyright issue" and were "aware [they] had a viable copyright claim."[27]

The district court also found that the 30-day removal could have started running on June 2, 2018, when Mr. Silverberg was served with an interrogatory that asked him to describe the basis for his ownership of the Software.[28]  In responding to the interrogatory, Mr. Silverberg wrote that, as author of the Software, he is owner of its copyright, under 17 U.S.C. § 201(a).[29]  Based on this, the district court wrote: "These responses indicate that Silverberg was aware he could assert a copyright claim based on [Respondents'] earlier filings.  At the very latest, the 30-day removal clock began to run on June 2, 2018[,]" meaning the case should have been removed no later than July 2.[30]

---

[26] *Id.* at 587, 588 n.2, 594.

[27] *Id.* at 596–97.

[28] *Id.* at 597.

[29] *Id.* at 596.

[30] *Id.* at 596–97.

In other words, the district court held that, although the original petition contained no removable claims, Petitioners were on notice at the outset that they needed to bring their own copyright claims, make the case removable, and remove the case within 30 days, or their removal rights would be waived. This is not the law. The district court also determined that FCI should have somehow removed the case by July 2, even though it was not a party to the underlying case until July 27.

Petitioners promptly filed a motion for reconsideration raising these issues, and asking the district court to vacate the remand order.[31] They also asked the district court to vacate the remand order on the basis that Respondents' motion for remand was more than 60 days late.[32] The district court denied the motion for reconsideration.[33]

---

[31] Motion for Reconsideration, App'x Exh. 19, p. 601.

[32] *Id.* at 610.

[33] Order Denying Motion for Reconsideration, App'x Exh. 25, p. 664.

# REASONS WHY THE WRIT SHOULD ISSUE

## I.    The applicable legal standard.

A writ of mandamus should issue "when the trial court has exceeded its jurisdiction or has declined to exercise it, or when the trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court."[34]  Mandamus review is an "extraordinary remedy" that is granted "not as a matter of right, but in the exercise of sound judicial discretion."[35]

This Court has held: "When [a] writ of mandamus is sought . . . to confine a trial court to a lawful exercise of its prescribed authority, the court should issue the writ almost as a matter of course."[36]  As such, "the standard governing the availability of mandamus is not 'never,' but 'hardly ever[.]'"[37]

Parties seeking a writ of mandamus must satisfy a two-pronged test in order to obtain such relief.[38]  First, petitioners must show that "their right to issuance of the writ is clear and indisputable."[39]  Notably, the fact that the issue presented is one

---

[34] *In re Chesson*, 897 F.2d 156, 159 (5th Cir. 1990); *accord In re Avantel, S.A.*, 343 F.3d 311, 317 (5th Cir. 2003).

[35] *S. Pac. Transp. Co. v. City of San Antonio*, 748 F.2d 266, 270 (5th Cir. 1984) (internal citation omitted); *see In re Occidental Petrol. Corp.*, 217 F.3d 293, 295 (5th Cir. 2000).

[36] *In re Reyes,* 814 F.2d 168, 170 (5th Cir. 1987) (quoting *United States v. Denson*, 603 F.2d 1143, 1145 (5th Cir. 1979)).

[37] *In re Am. Airlines, Inc.*, 972 F.2d 605, 608 (5th Cir. 1992) (citation omitted); *see Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004).

[38] *In re Am. Airlines*, 972 F.2d at 608 (internal quotation marks omitted).

[39] *Id.*

of first impression is not a bar to mandamus review, especially where the issue would otherwise evade review, and where resolution of the issue "will forestall future error in trial courts, eliminate uncertainty and add importantly to the efficient administration of justice."[40]

Second, petitioners must show that they lack adequate alternative means to obtain the relief they seek,[41] and that the district court's error is not effectively reviewable on appeal.[42]   This Court also considers whether granting the writ is "appropriate under the circumstances."[43]

"These hurdles, however demanding, are not insuperable."[44]   And for the reasons set forth below, Petitioners have satisfied each of these conditions.

## II.     The district court clearly erred in issuing the remand order.

### A.     Remand was clearly erroneous because intervenor FCI could not have removed the underlying case until it became a party.

In the remand order, the district court found that Mr. Silverberg and FCI should have removed this case within 30 days of when the original petition was filed

---

[40] *In re EEOC*, 709 F.2d 392, 395 (5th Cir. 1983); *accord In re Burlington N., Inc.*, 822 F.2d 518, 522 (5th Cir. 1987) (noting that circuit courts "have relied on the seriousness and novelty of the . . . issue in the particular case" to determine when mandamus review is appropriate).

[41] *In re Am. Airlines*, 972 F.2d at 608.

[42] *See Am. Airlines*, 972 F.2d at 609.

[43] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (quoting *Cheney*, 542 U.S. at 380–81).

[44] *In re Beazley Ins. Co.*, No. 09-20005, 2009 U.S. App. LEXIS 29463, at *8 (5th Cir. May 4, 2009).

on April 24, 2018, or at the latest, within 30 days of when Mr. Silverberg was served with interrogatories on June 2, 2018.[45]  Thus, according to the district court, removal should have occurred no later than July 2.

But it would have been impossible for intervenor FCI to have removed the case during that timeframe because it was not a party to the case until July 27, 2018, when it properly intervened in the state court action and removed the case pursuant to 28 U.S.C. § 1454.[46]  As a non-party, FCI lacked standing to remove this action at any point prior to July 27.[47]

### 1.   Section 1454 permits intervenors, such as FCI, to remove a case when any party asserts a Copyright Act claim.

28 U.S.C. § 1454 was enacted by Congress in 2011 to make removal of copyright claims easier, in an effort to create uniformity in copyright law.[48]  It permits any party—intervenors included—to remove a case when any party asserts a claim arising under the Copyright Act.[49]  Removal of cases to federal court based solely on 28 U.S.C. § 1454 "shall be made in accordance with section 1446," except that (i) the action may be removed by any party, and (ii) the time limitations of

---

[45] Remand Order, App'x Exh. 18, pp. 595–97.

[46] Notice of Removal, App'x Exh. 1, pp. 1, 4.

[47] *See De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437 (5th Cir. 2014).

[48] *See Donahue v. Tokyo Electron Am., Inc.*, 42 F. Supp. 3d 829, 834, 839 (W.D. Tex. 2014).

[49] 28 U.S.C. § 1454.

section 1446 may be extended for cause.[50]

Section 1446 creates two 30-day windows for removal:  (i) from the date a defendant receives an initial pleading setting forth a removable claim;[51] and (ii) from the date a defendant receives an amended pleading, motion, order or other paper from which it may be ascertained that an action is removable.[52]  Section 1446 goes on to say that "***each*** defendant shall have 30 days after the receipt" of the removable pleading or other document to file a notice of removal.[53]  And if a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate removal proceedings.[54]

### 2.     FCI could not have removed the underlying case before July 27 because it was not a party.

Importantly, non-parties do not have standing to remove an action from state court to federal court.[55]  "A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings."[56]  FCI was a non-party

---

[50] *See* 28 U.S.C. § 1454(b).

[51] 28 U.S.C. § 1446(b)(1).

[52] 28 U.S.C. § 1446(b)(3).

[53] 28 U.S.C. § 1446(b)(2)(B) (emphasis added).

[54] 28 U.S.C. § 1446(b)(2)(C).

[55] *De Jongh*, 555 F. App'x at 437.

[56] *Id.* (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006) ("[W]here an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action."); *Loyd*, 955 F.2d at 326 ("We cannot imagine that a private person

to this case until July 27, 2018, when it filed a petition in intervention and also removed the case.  As such, FCI was incapable of removing this case during the timeframe specified in this Court's remand order.

The remand order implies that FCI's removal should have occurred by July 2, 2018 at the latest, but it does not explain how FCI could have removed a case that it was not a party to.  Fifth Circuit precedent is clear: FCI could not have removed this case until July 27 (when it intervened), because it was not a party to this case before then, and non-parties lack standing to remove cases to federal court.[57]  Thus, even if it was somehow ascertainable to FCI that the original petition contained removable claims, it was unable to do so until July 27.

### 3.    This Court's decision in *FDIC v. Loyd* is highly instructive.

The case at bar is very similar to the situation this Court considered in *FDIC v. Loyd*.[58]  In *Loyd*, the FDIC intervened in a state court proceeding after it was appointed as receiver for a failed bank.[59]  The same day that it intervened, the FDIC removed the case to federal court pursuant to a statute that gave it the authority to remove state court cases, subject to the 30-day time limitation of Section 1446.[60]

---

who was not a party to the state court action could nevertheless remove the case to federal court. There is nothing in the removal statutes to suggest such an indiscriminate right.").

[57] *E.g., De Jongh*, 555 F. App'x at 437.

[58] 955 F.2d at 316.

[59] *Id.* at 317–18.

[60] *Id.* at 318, 324.

Notably, the FDIC had received its appointment papers naming it receiver of the bank more than 30 days before it intervened in and removed the case.[61]

In remanding the case, the district court held that the FDIC's appointment papers informed it that the case was removable, and thus served as "other paper" that started the running of the Section 1446 removal clock.[62]  Because the FDIC waited longer than 30 days from when it received its appointment papers to intervene and remove the case, the district court reasoned that he removal was untimely under Section 1446 and remanded the case.

This Court granted petitioners' request for a writ of mandamus, and vacated the district court's remand order, based, in relevant part, on the district court's erroneous application of Section 1446.[63]  This Court found that it was unnecessary to determine whether the appointment papers served as "other paper" for the purpose of Section 1446(b).[64]  Instead, "[t]he ultimate question" in determining the timeliness of the FDIC's removal was: "When did the case first become removable by the FDIC?"[65]

This Court recognized the well-established principle that non-parties to a case

---

[61] *Id.*

[62] *Id.* at 325.

[63] *Id.* at 329.

[64] *Id.* at 326.

[65] *Id.*

cannot initiate removal proceedings:

> [T]he FDIC cannot be considered a party for the purposes of § 1446(b) until it has made an appearance, voluntarily or involuntary, in the state court case. In other words, in an effort to be consistent with our authority that the general removal statute applies . . . we hold that the FDIC must make some appearance in the state court case before the thirty-day removal clock may run . . . . Thus, in this case, the FDIC did not become a "defendant" for the purpose of starting the thirty-day removal clock of § 1446(b) until it filed its motion to intervene, which in this case, is the § 1446 document that started the clock.[66]

This Court concluded in *Loyd* that the district court committed clear and reversible error in calculating when the thirty-day time limit began to run, and issued the requested writ vacating the remand order.[67]

In the case at hand, petitioner FCI is situated similarly to the FDIC in *Loyd*. Like the FDIC, FCI removed this case pursuant to a federal statute authorizing it to do so, on the first date it could—the day that FCI intervened in the case. Prior to FCI's intervention, it could not have removed the case because, "[c]ommon sense and the practicalities of pleading dictate that no non-party to a state court proceeding has a mature right to remove that proceeding to federal court."[68]

Upon Petitioners' request for reconsideration, the district court below noted that Section 1454 *does* appear to permit intervenors to initiate removal proceedings,

---

[66] *Id.* at 326–27.

[67] *Id.* at 329.

[68] *Loyd*, 955 F.2d at 326.

yet in the same breath it cited to a *pre*-Section 1454 case for the proposition that removal cannot be based on intervenors' federal claims.[69]  Needless to say, to the extent that the 2004 case cited by the district court holds that intervenors cannot remove to federal court, that case has been abrogated by the plain language of Section 1454, which was enacted in 2011.

The district court also in this case also said it perceived a discord between Sections 1454 and 1446(b), and cited to a number of cases for the proposition that a defendant should not be permitted to rely on the assertion of its own counterclaims to start the removal clock.[70]  However, those cases are distinguishable because they all involved *defendants* who were either faced with removable claims from the outset, or who had actively litigated their respective matters in state court for months and then suddenly attempted to remove the case under Section 1454 by pleading a federal counterclaim.[71]

Here, on the other hand, FCI was not a party to the state court action prior to

---

[69] Order Denying Motion for Reconsideration, App'x Exh. 25, p. 669. (citing *Schexnayder v. Entergy La., Inc.*, 394 F. 3d 280, 283 (5th Cir. 2004)).

[70] Order Denying Motion for Reconsideration, App'x Exh. 25, p. 669.

[71] *See XIP LLC v. Commtech Sales LLC*, No. 4:15-CV-664-A, 2015 U.S. Dist. LEXIS 149174, at *6–10 (N.D. Tex. Nov. 3, 2015) (plaintiffs' claims were removable from the outset because they were preempted by the Copyright Act); *Accutrax, LLC v. Kildevaeld*, 140 F. Supp. 3d 168, 171–72 (D. Mass. 2015) (defendant litigated in state court for more than five months before bringing removable counterclaim); *Andrews v. Daughtry*, 994 F. Supp. 2d 728, 734 (M.D.N.C. 2014) (plaintiffs' original claims presented a federal question under the Copyright Act); *Univ. of Ky. Research Found., Inc. v. Niadyne, Inc.*, No. 13-16-GFVT, 2013 U.S. Dist. LEXIS 158018, at *27 (E.D. Ky. Nov. 5, 2013) (defendant litigated in state court for nine months before removing).

its intervention, had not participated in the state court action in any way until it properly intervened to protect its rights, and removed this case to federal court on the same day that it intervened.

The district court below lamented that permitting an intervenor to remove a case based on its own copyright counterclaims would allow the intervenor to "wait until the opportune time" to remove to federal court.[72]  But this Court addressed that exact concern in *Loyd*, where certain parties claimed that starting the 1446(b) clock upon the FDIC's intervention in the case would permit the FDIC to "'lie behind the log,' only later to enter the case unfairly and remove it, to the detriment of the other parties."[73]  This Court rejected that argument, noting that the other parties could have forced the FDIC's hand at any point in the proceeding by bringing it into the case themselves.[74]

Likewise, assuming, as the district court below did, that that the case was removable from the outset, Respondents could have started the removal clock at any time against FCI by suing them or bringing them into the case.  The record is clear that Respondents knew of FCI's involvement with Mr. Silverberg, and even accused FCI of participating in wrongdoing in the original petition.[75]  As it did in *Loyd*, this

---

[72] Order Denying Motion for Reconsideration, App'x Exh. 25, p. 669.

[73] *Loyd*, 955 F.2d at 328.

[74] *Id.*

[75] *See* Plaintiffs' Original Petition, App'x Exh. 1, pp. 20–21, 26.

Court should reject the argument that parties such as the Respondents are defenseless against opportunistic intervenors.

The district court's November 26 remand order is based on the erroneous notion that intervenor FCI could have somehow removed the underlying case prior to July 2. Because FCI could not have removed this lawsuit until it actually joined the lawsuit on July 27, FCI's removal on that date was proper. And under 28 U.S.C. § 1446(b)(2)(C), Mr. Silverberg was allowed to join in FCI's removal motion. Mr. Silverberg consented to and joined FCI's removal efforts when they jointly filed a notice of removal on July 27.[76] Therefore, Petitioners respectfully request that this Court issue a writ directing the district court to vacate its remand order.

### B. The district court clearly erred in remanding the case, because the original petition did not raise a federal question and did not start the removal clock.

The district court's remand order held that Petitioners could ascertain from the face of the original petition that the case was removable.[77] But the original petition centers on whether *ownership* of software developed by Petitioners should have been conveyed or assigned to Bedrock as a matter of state law, in accordance with Mr. Silverberg's alleged agreements, representations, and fiduciary duties.[78]

---

[76] Notice of Removal, App'x Exh. 1, p. 1.

[77] Remand Order, App'x Exh. 18, pp. 595–97.

[78] *See* Plaintiffs' Original Petition, App'x Exh. 1, pp. 19–20, 25.

Applicable law is clear that state law contract and tort disputes over ***ownership*** of copyrightable material do not confer federal jurisdiction.

In in the underlying case, the original petition alleged that Mr. Silverberg represented that he would develop the Software, that Bedrock would pay the costs of development, and Mr. Silverberg would convey ownership of the Software to Bedrock.[79]  At no point does the original petition call into question Mr. Silverberg's ***authorship*** of the software, which ***would*** require construction of the Copyright Act and raise a federal question.[80]

Indeed, Plaintiffs specifically acknowledge that Mr. Silverberg is the author/developer of the software, and they allege that the development of the software was to be his "primary contribution" to Bedrock.[81]  Notably, the first time any party asserted a claim requiring a determination of the ***authorship*** of the software was July 11, when Bedrock entered the case and sought a declaration that the software was created by SourcePad (not Mr. Silverberg).[82]

This Court and numerous others across the country have held that claims regarding the ownership of copyrightable material as a matter of state law are not

---

[79] *See id.*

[80] *See Goodman v. Lee*, 815 F.2d 1030, 1031-32 (5th Cir. 1987) (finding actions to establish *authorship* of copyrighted works arise under the Copyright Act and are removable).

[81] *See* Plaintiffs' Original Petition, App'x Exh. 1, pp. 19, 24, 28.

[82] *See* Bedrock's Original Answer, App'x Exh. 1, pp. 294.

removable.[83]  And Respondents themselves argued vociferously in their motion for remand below that the original petition presented only state law claims that were not subject to removal.[84]  As one district court within this Circuit aptly summarized, "to the extent [plaintiff] is claiming that the copyright[s] . . . at the heart of this case properly belong to it and were obtained by [defendant] in violation of state law . . . it is well settled that such claims do not 'arise under' federal law."[85]

Rather than seeking relief under the Copyright Act, the original petition in the underlying case is based on Mr. Silverberg's alleged agreements and fiduciary duties that required him to convey the Software to Bedrock.[86]  These are state law claims that turn on the application of state contract and tort law; Mr. Silverberg could not have ascertained that those claims were removable because they are not, in fact, removable.

---

[83] *See, e.g.*, *Chavez v. Arte Publico Press*, 157 F.3d 282, 285–87 (5th Cir. 1998) *rev'd en banc*, 178 F.3d 281 (5th Cir. 1988), *judgment vacated due to subsequent abrogating legislation*, 180 F.3d 674 (noting that breach of contract claims concerning copyrights do not "arise under" federal law); *see also Wis. Interscholastic Athletic Ass'n v. Gannett Co., Inc.*, 658 F.3d 614, 619 (7th Cir. 2011) ("A contract dispute about who owns a particular copyright does not give rise to jurisdiction."); *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 986–88 (9th Cir. 2003) (distinguishing between copyright ownership claims that solely seek determination of copyright ownership from claims that seek a remedy under the Copyright Act); *T.B. Harms, Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964) ("[A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act . . . . The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this test.").

[84] *See* (Second) Amended Motion for Remand, App'x Exh. 14, pp. 494–95 (citing numerous cases).

[85] *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 823 F. Supp. 2d 578, 585 (S.D. Tex. 2011).

[86] *See* Plaintiffs' Original Petition, App'x Exh. 1, pp. 19–20, 25.

Nor was it reasonably ascertainable from the face of Plaintiffs' June 2 interrogatories—as the district court concluded—that Hill Country and Goldstar were somehow challenging Mr. Silverberg's authorship of the software, or seeking some relief under the Copyright Act. The interrogatory simply asks Mr. Silverberg to identify the basis for his contention that he owns the Software.[87] Such contention interrogatories are routine in disputes over ownership of all types of property. The interrogatory in question does nothing to call into question Mr. Silverberg's authorship of the software or put him on notice that the original petition is seeking relief under the Copyright Act, which would be required in order to state a removable claim.

The district court acknowledged that the original petition in this case contained no removable claims.[88] Rather, its remand order is premised on the notion that Respondents' pleadings made Mr. Silverberg "aware that he could assert a copyright claim[,]" and thus they were sufficient to trigger the 30-day timeline for removal under Section 1446(b).

But this interpretation flies in the face of Section 1446(b), which states that the removal clock starts only *after* a case has become removable.[89] If the case is not

---

[87] Remand Order, App'x Exh. 1, pp. 596.

[88] *Id.* at 587, 588 n.2, 594.

[89] 28 U.S.C. § 1446(b) (starting the removal clock when a defendant).

one that can be removed, the removal clock never starts running.  Furthermore, the district court's determination that Mr. Silverberg's "awareness" triggered the removal clock conflicts with this Court's clear directive that a "defendant's subjective knowledge cannot convert a case into a removable action."[90]  Rather, "the information supporting removal in a copy of [a pleading], motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running."[91]

Either the claims in the original petition "arose under" the Copyright Act, and created a removable claim, or they did not.  If they did not, no amount of "other paper" served by Respondents, or potential copyright counterclaims or intervenor claims held by Petitioners, were sufficient to trigger the removal clock, because there was nothing to remove until *after* the Copyright Act claims were pleaded.

No claims in the original petition seek relief under the Copyright Act, nor do they require a court to construe the Copyright Act. Therefore, the original petition could not have started Mr. Silverberg's time to remove, and this Court should issue a writ directing the district court to vacate its November 26 remand order.[92]

---

[90] *Morgan v. Huntington Ingalls*, 879 F.3d 602, 612 (5th Cir. 2018).

[91] *Id.* at 611 n.30 (quoting *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002)).

[92] The *XIP LLC v. Commtech Sales LLC* case cited by the district court's opinion (App'x Exh. 18, p. 594) is distinguishable from the one at hand, because that case involved copyright infringement claims masked as state law claims that were removable from the outset because they were preempted by, and thus "arose under" the Copyright Act.  2015 U.S. Dist. LEXIS 149174, at *6– 10. The original petition in this case contained no assertion of infringement for which the Copyright Act might provide a remedy.  Rather, the original petition simply claims that based on

**C.     The Court clearly erred because it lacked the authority to grant a remand based on Respondents' untimely motion for remand.**

This Court should also direct the district court to vacate its remand order because Hill Country and Goldstar's motion for remand was untimely.  A motion for remand based on any defect other than lack of subject matter jurisdiction must be filed within 30 days of removal.[93]  If "a motion for remand is untimely, the district court ha[s] no discretion to remand on the basis of improper removal."[94]

Here, Respondents filed a timely motion for remand on August 13, 2018,[95] which this Court denied as moot after Respondents filed an amended motion for remand on August 22.[96]  Although the amended motion was timely, the district court struck it for violating the Local Rules, and ordered Respondents to refile a motion that complied with the local rules by October 11, 2018.[97]  Respondents failed to file a compliant motion until October 30, 2018.[98]

Petitioners removed this case on July 27, 2018, thus a motion on which the district court properly grant remand was due by August 27, 2018.  The district court

---

Mr. Silverberg's agreements and fiduciary duties, he should convey ownership of the software copyright to Bedrock.  These are state law claims.

[93] 28 U.S.C. § 1447(c).

[94] *Digicon Marine*, 966 F.2d at 159.

[95] Motion for Remand, App'x Exh. 2, p. 353.

[96] (First) Amended Motion for Remand, App'x Exh. 4, p. 379; Order Mooting Motion for Remand, App'x Exh. 8, p. 466.

[97] Order Striking Amended Motion for Remand, App'x Exh. 9, p. 469.

[98] (Second) Amended Motion for Remand, App'x Exh. 14, p. 484.

denied as moot and struck Plaintiffs' only timely filed motions. The only motion for remand pending before the district court at the time the remand order was issued was not filed until **_95 days_** after Petitioners first removed this case—triple the time allowed under the Federal Rules. The district court refused to address this argument on reconsideration, holding that Petitioners waived it by not raising it sooner.[99]

But this Court has rejected the district court's reasoning before, finding that a defendant's failure to object to the timeliness of a remand motion for *five months* after the remand was first issued did not result in the waiver of that argument.[100]

This Court held that, because the defendant gave the district court an opportunity to consider the timeliness argument prior to its decision on the motion for reconsideration, the defendants did not waive that argument, even though it was made five months after the remand order was first issued, in the defendant's *third supplement* to its motion for reconsideration.[101]

Congress's "clear intent to avoid the burdens of shuffling a case between two courts" would not be advanced by deeming the timeliness argument waived, and thus this Court refused to consider defendants' objection waived.[102] Finding that plaintiffs' motion for remand was untimely, this Court ruled that the district court

---

[99] Order Denying Motion for Reconsideration, App'x Exh. 25, p. 671.

[100] *See Shell Oil Co.*, 932 F.2d at 1528.

[101] *See id.*

[102] *Id.*

erred in remanding the case, and vacated the remand order.[103]

District courts may not disregard or attempt to alter the requirements of federal statutes that require remand motions to be filed within 30 days of removal. Because the district court's order granting remand was not based on or pursuant to a motion for remand filed within 30 days of removal, that order should be set aside.

### D.    The district court clearly abused its discretion in refusing to extend the time for removal under Section 1454(b)(2).

Even when a Section 1454 removal occurs outside of the 30-day window set forth in Section 1446(b), the district court may extend the time limitations at any time "for cause shown."[104]  Section 1454 "does not appear to create an incredibly high bar for an extension," and courts often look to Rule 6(b) of the Federal Rules of Civil Procedure when considering requests for extensions under Section 1454.[105]

Under Rule 6(b), a court may extend an expired deadline if the party seeking the extension failed to act because of "excusable neglect."[106]  District courts have "broad discretion" in granting extensions, and the "excusable neglect standard has proven to be quite elastic in its application."[107]  Factors relevant to the court's

---

[103] *Id.* at 1529.

[104] 28 U.S.C. § 1454(b)(2).

[105] *Donahue*, 42 F. Supp. 3d at 838; *Van Steenburg v. Hageman*, No. SA:14-CV-976-DAE, 2015 U.S. Dist. LEXIS 41318, at *15–16 (W.D. Tex. Mar. 31, 2015).

[106] *Donahue*, 42 F. Supp. 3d at 838.

[107] *Id.* (citing *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012)).

determination include: (1) prejudice to other parties; (2) the length of the delay and its impact on the proceeding; (3) the reason for the delay and whether it was in the control of the movant; and (4) whether the movant acted in good faith.[108]

In their response to the motion for remand, Petitioners asked the district court to extend the time limitations for removal, if necessary.[109]  The district court found that the first factor weighed in favor of Petitioners, but the remaining three favored Respondents, because Petitioners should have known that the case was removable from the original petition.[110]  According to the district court, even though the original petition did not contain any claims arising under the Copyright Act, it was still sufficient to give Petitioners "notice of the grounds for removal."[111]

But, as discussed above, the original petition did not contain removable claims, and thus *could not* have put Petitioners on notice to remove the case.  In addition, the district court failed to address the fact that FCI could not have removed the case until it became a party on July 27—a fact that was obvious from the face of the record.

Because the district court denied Petitioners request for an extension based on a clearly erroneous application of the law, this Court should vacate the remand order

---

[108] *Id.* (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165)

[109] Remand Order, App'x Exh. 18, pp. 597–98.

[110] *Id.*

[111] *Id.*

and instruct the district court to proceed with the underlying case.

### III. Petitioners have no adequate remedy, and mandamus relief is especially appropriate in light of the district court's perceived "unresolved tension" in the law.

A writ of mandamus is the appropriate method to compel a district court to hear an erroneously remanded matter.[112]     In *Thermtron Products, Inc. v. Hermansdorfer*, the Supreme Court observed, "[r]epeated decisions of this Court have established the rule . . . that the writ will lie in a proper case to direct a subordinate Federal court to decide a pending case."[113]   In that decision, the Court made clear that mandamus relief is available "in circumstances where the district court has refused to adjudicate a case, and has remanded it on grounds not authorized by the removal statutes."[114]

This Court has also recognized that when a district court remands a case without the authority to do so, the remand order is subject to mandamus review.[115] And this Court has repeatedly used the mandamus procedure to review and vacate remand orders where the district court has remanded a case on grounds not

---

[112] *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 352 (1976).

[113] *Id.* (alterations in original) (citations omitted).

[114] *Id.* at 353.

[115] *See McDermott Int'l v. Lloyds Underwriters of London*, 944 F.2d 1199, 1203 (5th Cir. 1991) ("*Thermtron* and its progeny use mandamus to require district judges to decide issues of remand on proper grounds.").

authorized by statute.[116]

Petitioners have no remedy by appeal of the district court's erroneous remand order. Without this Court's intervention through the mandamus process, the underlying case will proceed to finality in the state court, and Petitioners will have lost the right to have their Copyright Act claims decided in federal court as Congress intended by enacting Section 1454. Because the Supreme Court and this Court have both held that mandamus is the proper remedy for an erroneously issued remand order, this Court should not hesitate to grant the petition and instruct the district court to vacate its remand order.

In addition, this Court has held that mandamus is appropriate when the petition presents an opportunity to "settle new and important problems," the resolution of which "will forestall future error in trial courts, eliminate uncertainty and add importantly to the efficient administration of justice."[117]

Petitioners submit that the issues in this case are straightforward, and that the district court's errors are manifest from the face of the record. Nevertheless, Petitioners do recognize that the district court noted a perceived incongruity between Section 1454 (a relatively new statute) and Section 1446(b).[118] At least one other

---

[116] *See, e.g., In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993); *Loyd*, 955 F.2d at 329; *Shell Oil Co.*, 932 F.2d at 1529; *see also Beazley Ins. Co.*, 2009 U.S. App. LEXIS 29463, at *9–10 (finding that no adequate remedy existed by appeal of allegedly defective remand order).

[117] *EEOC*, 709 F.2d at 394 (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 111 (1964)).

[118] Order Denying Motion for Reconsideration, App'x Exh. 25, pp. 669.

district judge within this Circuit has also noted the peculiar interplay between these statutes.[119]  Thus, the issues presented, although clear, are also novel and afford an important opportunity for this Court to clarify the law of the Circuit on a matter that could occur each time Section 1454 is invoked.

For all these reasons, immediate review of the district court's remand order is appropriate.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that this Court issue a writ of mandamus directing the district court to vacate its November 26, 2018 order remanding this lawsuit to state court, and for such other and further relief to which Petitioners may be justly entitled.

---

[119] *See Donahue*, 42 F. Supp. 3d at 836–37.

Dated: December 21, 2018

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

_____

Sean E. Breen
State Bar No. 00783715
rhowry@howrybreen.com
Randy R. Howry
State Bar No, 10121690
rhowry@howrybreen.com
Timothy J. Herman
State Bar No. 09513700
therman@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
Tel. (512) 474-7300
Fax (512) 474-8557

*Attorneys for Petitioners FCI Capital*
*LLC, and Stephen Blair Silverberg*

# CERTIFICATE OF SERVICE

I certify that on December 21, 2018, I served the foregoing petition for writ of mandamus and accompanying attachments by e-mail and certified mail, return receipt requested, on the counsel listed below.

Bernard R. Given II
bgiven@loeb.com
LOEB & LOEB, LLP
10100 Santa Monica Blvd. Suite 2200
Los Angeles, CA 90097

Matt Dow
mdow@jw.com
JACKSON WALKER LLP
100 Congress Ave. Suite 1100
Austin, TX 78701

Neal A. Kennedy
neal@kennedylaw.com
KENNEDY LAW OFFICE PLLC
404 Main Street
Marble Falls, Texas 78654

*Attorneys for Plaintiffs/Counter-Defendants The Hill Country Trust and Goldstar Investments, Ltd.*

Robert Alden
ralden@byrddavis.com
BYRD DAVIS ALDEN & HENRICHSON, LLP
707 West 34th Street
Austin, Texas 78705-1204

*Attorney for Third-Party Defendant Gary Martin (individually)*

Timothy Cleveland
tcleveland@clevelandterrazas.com
Carlos Soltero
csoltero@clevelandterrazas.com
Kevin Terrazas
kterrazas@clevelandterrazas.com
CLEVELAND TERRAZAS, PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746

*Attorneys for Plaintiffs/Counter-defendants Bedrock Funding Management, LLC*

I further certify that on the same date I have caused the petition and accompanying attachments to be hand-delivered to the district court on December 21, 2018, the most expeditious means of service available to us. The petition will be delivered to:

The Honorable Robert Pitman
United States District Court for the Western District of Texas
501 West Fifth Street, Suite 1100
Austin, Texas 78701

_____
Sean E. Breen
*Attorney for Petitioner*

# CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of FED. R. APP. P. 21(d)(1) because, excluding the parts of this document exempted by FED. R. APP. P. 32(f), this document contains **7,422** words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font. 12-point Times New Roman font was used for footnote citations as permitted by 5TH CIR. R. 32.1.

_____
Sean E. Breen
*Attorney for Petitioner*

# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

December 24, 2018

Mr. Sean Breen
Howry Breen & Herman, L.L.P.
1900 Pearl Street
Austin, TX 78705

    No. 18-51072     In re: Stephen Silverberg, et al
               USDC No. 1:18-CV-635

Dear Mr. Breen,

We have docketed the petition for writ of mandamus, and ask you to use the case number above in future inquiries.

Filings in this court are governed strictly by the Federal Rules of **Appellate** Procedure. We cannot accept motions submitted under the Federal Rules of **Civil** Procedure. We can address only those documents the court directs you to file, or proper motions filed in support of the appeal. See FED. R. APP. P. and 5TH CIR. R. 27 for guidance. We will not acknowledge or act upon documents not authorized by these rules.

All counsel who desire to appear in this case must electronically file a "Form for Appearance of Counsel" naming all parties represented within 14 days from this date, see FED. R. APP. P. 12(b) and 5TH CIR. R. 12. This form is available on our website www.ca5.uscourts.gov. Failure to electronically file this form will result in removing your name from our docket. Pro se parties are not required to file appearance forms.

ATTENTION ATTORNEYS: Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing. The "Application and Oath for Admission" form can be printed or downloaded from the Fifth Circuit's website, www.ca5.uscourts.gov. Information on Electronic Case Filing is available at www.ca5.uscourts.gov/cmecf/.

ATTENTION ATTORNEYS: Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis. Counsel can expect to receive notice once access to the EROA is available. Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized. Instructions for accessing and downloading the EROA can be found on our website

at www.ca5.uscourts.gov/attorneys/attorney-forms/eroa_downloads. Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA. Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

We recommend that you visit the Fifth Circuit's website, www.ca5.uscourts.gov and review material that will assist you during the appeal process. We especially call to your attention the Practitioner's Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

**Sealing Documents on Appeal:**  Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Shawn D. Henderson, Deputy Clerk
504-310-7668

cc:
    Mr. Robert C. Alden
    Ms. Jeannette Clack
    Mr. Matt Dow
    Mr. Bernard R. Given II
    Mr. Neal Allan Kennedy
    Mr. Carlos Ramon Soltero

Provided below is the court's official caption.  Please review the
parties listed and advise the court immediately of any
discrepancies.  If you are required to file an appearance form, a
complete list of the parties should be listed on the form exactly
as they are listed on the caption.

——————————————

Case No. 18-51072


In re:  STEPHEN BLAIR SILVERBERG; FCI CAPITAL, L.L.C.,

                    Petitioners