IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HILL COUNTRY TRUST, GOLDSTAR INVESTMENTS, LTD., and BEDROCK FUNDING MANAGEMENT, LLC, § § § § Plaintiffs/Counter-Defendants, § § and § § GARY MARTIN, § § Third-Party Defendant, § § v. § § STEPHEN BLAIR SILVERBERG, § § Defendant/Counter-Plaintiff, § § and § § FCI CAPITAL LLC, § § Intervenor. § | | 1:18-CV-635-RP |

**ORDER**

Before the Court is a motion for stay pending mandamus, (Dkt. 37), filed by Defendant Stephen Blair Silverberg ("Silverberg") and Intervenor FCI Capital LLC ("FCI"). Having considered the filings, relevant law, and the record, the Court concludes that the motion for stay should be denied.

**I. BACKGROUND**

This case concerns a dispute about who owns certain customized software (the "Software"). Plaintiff Hill Country Trust ("Hill Country"), Plaintiff Goldstar Investments, Ltd. ("Goldstar"), and Silverberg are all members of Bedrock. Bedrock partners with Harley Davidson dealerships to finance motorcycle leases for subprime customers, using the Software in the process. In March

1

2018, Silverberg claimed that he owned the copyright to the Software either directly or through his company, FCI, as its creator.

Hill Country and Goldstar sued Silverberg in Burnet County state court on April 24, 2018, both derivatively on behalf of Bedrock and directly as members of a closely held limited liability company (the "Burnet County suit"). (Orig. Pet., Dkt. 1-1, at 5). In his answer, Silverberg stated that he owned the Software and that Bedrock's claims "have cast a cloud over the ownership of the software." (Orig. Answer, Dkt. 1-1, at 141; Am. Answer, Dkt. 1-1, at 237). He also argued that "should Plaintiffs prevail in their claim that the software is owned by Bedrock, then Mr. Silverberg is entitled payment for the value of the software Bedrock receives." (Orig. Answer, Dkt. 1-1, at 142–43; Am. Answer, Dkt. 1-1, at 239). Silverberg amended his answer to add his own declaratory judgment counterclaim on July 27, 2018. (*See* Second Am. Answer, Dkt. 1-1, at 304). Silverberg asked the court to determine statutory authorship and ownership of the Software under the Copyright Act, 17 U.S.C. § 201, et seq. (*Id.* at Dkt. 1-1, at 323). That same day, FCI intervened to join Silverberg in seeking declaratory judgment on his copyright counterclaims. (FCI Pet. Intervention, Dkt. 1-1, at 333).

Silverberg and FCI removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1454, and 1367 based on their Copyright Act counterclaims. (Not. Removal, Dkt. 1-1, at 4–5).On August 13, 2018, Plaintiffs moved to remand to state court arguing that the Court lacked jurisdiction over Defendants' counterclaims. (Mot. Remand, Dkt. 5). On November 26, 2018, the Court granted Plaintiffs' motion, and ordered the case remanded to state court. (Order, Dkt. 23, at 15). The Court did so because it found Silverberg's notice of removal untimely, and the Court concluded that Silverberg had not shown cause to extend the deadline to remove. (*Id.* at 16–18).

Silverberg and FCI requested that this Court reconsider its remand order, arguing that FCI timely filed its notice of removal the same day it intervened in the proceeding on July 27, 2018.

(Mot. Reconsider, Dkt. 26, at 3, 4–7). In reviewing its remand order, the Court concluded that "no manifest error of law . . . justif[ied] reconsideration of its remand order," and that Silverberg's and FCI's remaining arguments presented no new facts or arguments to justify remand. (Order, Dkt. 36, at 7).

Silverberg and FCI now seek to stay proceedings in this case. (Mot. Stay, Dkt. 37). On December 21, 2018, Silverberg and FCI filed a petition for writ of mandamus with the Fifth Circuit Court of Appeals, arguing that "they have a right under Section 1454 to have their Copyright Act claims adjudicated in a federal court, applying federal law, under federal rules of procedure." (*Id.* at 2; *see* Not. Appeal, Dkt. 39). Meanwhile, the case is proceeding in the state court on remand. (Mot. Stay, Dkt. 37, at 2). Plaintiffs have noticed several depositions, and intend to notice more. (*Id.*). Additionally, the state court has set a hearing on a motion to strike Silverberg's and FCI's jury demand for January 17. (*Id.*). As a result, Silverberg and FCI seek to halt the state court proceedings while the Fifth Circuit considers their petition for writ of mandamus. (*Id.* at 3).

## II.  JURISDICTION

The Anti-Injunction Act, 28 U.S.C. § 2283, ("AIA") prohibits federal courts from enjoining or staying state court proceedings unless an injunction is expressly authorized by federal statute. "The Act's core message is one of respect for state courts. The Act broadly commands that those tribunals 'shall remain free from interference by federal courts.'" *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (quoting *Atl. Coast Line R.R. Co. v. Locomotive Eng'rs*, 398 U.S. 281, 282 (1970)).

The removal statutes, however, represent Congress's express intent for federal courts to stay removed state court proceedings. *See Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 640 (1977). Under 28 U.S.C. § 1446(e), on removal to federal court "the State court shall proceed no further unless and until the case is remanded." A district court may stay proceedings in a state court while considering a motion to remand. *See Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 901 (5th Cir. 1975) ("One of

the long recognized statutory exceptions to the prohibition of the anti-injunction statute is the language in 28 U.S.C. § 1446(e).").

Here, the Court has already considered and granted a motion to remand. (*See* Order, Dkt. 23, at 5, 15). Remand orders based on a lack of subject matter jurisdiction or defect in removal procedure are not reviewable. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."); *Sykes v. Tex. Air Corp.*, 834 F.2d 488, 490 (5th Cir. 1987); *Browning v. Navarro,* 743 F.2d 1069, 1078 (5th Cir. 1984). Such is the case where a court declines to extend the deadline to timely remove. *See Big Country Vein Relief, L.P. v. Directory Assistants, Inc.*, 425 F. App'x 287, 289–90 (5th Cir. 2011). A "federal court is completely divested of jurisdiction once it mails a certified copy of the [remand] order to the clerk of the state court." *In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991) (quoting *Browning,* 743 F.2d at 1078); *see also Wilson v. Dall. Cty. Hosp. Dist.*, 715 F. App'x 319, 324 (5th Cir. 2017); *New Orleans Pub. Serv., Inc. v. Majoue,* 802 F.2d 166 (5th Cir. 1986). "Except in the highly unlikely event that a district court is so unsure of itself that it stays its decision to remand, the entry of a remand order ends the proceeding in the federal court, and the state . . . court proceeding gets under way." *Sykes*, 834 F.2d at 490.

Of course, the Court has discretionary powers to "stay proceedings before it in the control of its docket and in the interests of justice," *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982), but once a remand order is granted and sent to the state clerk, the proceeding is no longer "before the court." Here, the Court granted Plaintiffs' motion to remand under 28 U.S.C. § 1447(c) for Silverberg's and FCI's failure to comply with the time requirements of § 1446(b), and the Court declined to extend the time limitations. (*See* Order, Dkt. 23, at 15–18). Such a decision is jurisdictional. *See Big Country Vein Relief*, 425 F. App'x at 289–90. In effect, Silverberg and FCI are seeking to stay proceedings not currently before this court, which this Court cannot do.

### III. MOTION TO REMAND

The Court similarly declines to stay its remand order, to the extent that Silverberg and FCI request the Court to do so. In determining whether to grant a stay pending appeal, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 433 (quoting *Virginian Ry. Co.*, 272 U.S. 658, 672 (1926)). Instead, it is an exercise of judicial discretion, depending on the circumstances of each particular case. *Id.* (quoting *Virginian Ry. Co.*, 272 U.S. at 672–73).

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34. But "the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle (Ruiz I)*, 650 F.2d 555, 565 (5th Cir. 1981). The significance of the movant's burden is "particularly acute in the context of a motion to stay an order of remand" given "Congress' policy that 'once [a] federal district court considers the proper factors and decides to remand, the action should go forward in state court without the further delay of appeal, and without regard to whether the federal district court was correct or incorrect.'" *Collin Cty. v. Siemens Bus. Servs., Inc.*, No. 4:05-CV-141, 2006 WL 398481, at *1 (S.D. Tex. Feb. 16, 2006) (quoting *Robertson v. Ball*, 534 F.2d 63, 66 n.5 (5th Cir. 1976)).

For the reasons stated above and in its previous orders on Plaintiffs' Motion to Remand, (Order, Dkt. 23), and Defendants' Motion for Reconsideration, (Order, Dkt. 36), the Court is not convinced that Silverberg and FCI are likely to succeed on the merits of their petition. Specifically, a remand order based on a defect in the removal procedure is not reviewable on appeal. *See* 28 U.S.C.

§ 1447(c). This factor weighs heavily against granting Silverberg's and FCI motion. Second, although this case presents a serious legal question, the Court concludes that Silverberg and FCI have not met their burden to show that the balance of equities is heavily tilted in their favor. *See Ruiz v. Estelle* (*Ruiz II*), 666 F.2d 854, 856–57 (5th Cir. 1982). Silverberg and FCI argue that they will be irreparably harmed by litigating in state court while their petition is pending. (Dkt. 37, at 8–9). Because this appeal concerns the right to litigate in state or federal court, it is possible that ensuing state litigation could irreparably harm the Defendants by rendering their statutory right to remove meaningless. But there is not currently a pre-trial schedule in place, nor is there a trial date. Additionally, this factor is not dispositive, and because there is not a substantial likelihood of success on the merits, the importance of this factor is significantly reduced. *Arnold v. Garlock*, 278 F.3d 426, 441 (5th Cir. 2001). Next, Plaintiffs argue that they would be harmed in further delay of litigating this case, which weighs against granting a stay. Finally, the public interest factor is inconclusive; some factors, such as concerns underlying removal rights, favor granting a stay, but other concerns, such as those underlying the Anti-Injunction Act, counsel against granting a stay.

Either way, the Court finds that the balance of equities does not heavily favor granting a stay. *See Patino v. City of Pasadena*, 677 F. App'x 950, 955 (5th Cir. 2017). The Court thus concludes that Silverberg and FCI have not met their burden to show that the circumstances justify a stay pending the resolution of their petition for writ of mandamus.

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED THAT** Silverberg's and FCI's Motion for Stay Pending Mandamus, (Dkt. 37), is **DENIED**.

**SIGNED** on January 16, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE