## *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

March 06, 2019

Ms. Jeannette Clack
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

    No. 18-51072   In re: Stephen Silverberg, et al
                         USDC No. 1:18-CV-635

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Roeshawn A. Johnson, Deputy Clerk
                              504-310-7998

cc:   Mr. Robert C. Alden
       Mr. Sean Breen
       Mr. Timothy A. Cleveland
       Mr. Matt Dow
       Mr. Bernard R. Given II
       Mr. W. Scott Hastings
       Mr. Daron L. Janis
       Mr. Neal Allan Kennedy
       Mr. Carlos Ramon Soltero

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 18-51072

———————————

In re: STEPHEN BLAIR SILVERBERG; FCI CAPITAL, L.L.C.,

    Petitioners

———————————

Petition for a Writ of Mandamus
to the United States District Court for the
Western District of Texas

———————————

Before OWEN, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:

    This is a dispute between members of an LLC over control of software used in its business. The petitioners ask us to decide whether an intervenor's right to remove a copyright case under 28 U.S.C. § 1454(b)(1) supersedes the 30-day limit for removal under 28 U.S.C. § 1446(b). The strict limits on review of remand orders deprive us of jurisdiction over most of the issues raised. In remaining part, the petitioners have not met the demanding standard for mandamus relief. So we DENY the petition for a writ of mandamus and DENY the motion to stay as moot.

I

    Hill Country Trust and Goldstar Investments sued Silverberg for state-law claims only. Silverberg did not remove the case to federal court within 30 days of being served. Several months later, Silverberg's wholly-owned company FCI Capital intervened in the case. That day both Silverberg and FCI asserted

federal counterclaims under the Copyright Act. Also that day, Silverberg and FCI removed the case to federal court.

Hill Country and Goldstar moved to remand. The district court granted the motion, and remanded the case, because removal had been untimely under 28 U.S.C. § 1446(b). First, it held that Silverberg could have seen from the original petition or other papers that the state-law software ownership dispute might become a federal-law copyright dispute. So the 30-day removal clock began too early for Silverberg's notice of removal to be timely. Second, the district court held that FCI's intervention did not provide a new 30-day clock. Although "any party" may remove a copyright action under 28 U.S.C. § 1454(b)(1), and FCI was not a party until the day it intervened, the district court did not interpret § 1454 as providing a new 30 days for such an intervenor. The district court also rejected Silverberg and FCI's argument that the remand motion was itself untimely. The motion was filed within 30 days of removal, as required by 28 U.S.C. § 1447(c), so it did not matter that it was supplemented after that period expired. Finally, the district court declined to extend the 30-day removal window for "cause shown" under 28 U.S.C. § 1454(b)(2).

Silverberg and FCI petitioned this court for a writ of mandamus vacating the remand order. They also moved to stay state court proceedings while this court considers mandamus.

II

"As in all petitions for writ of mandamus seeking to reverse a district court's remand, the threshold question that confronts us is whether we have jurisdiction to consider this petition." *In re Allied-Signal, Inc.*, 919 F.2d 277, 279 (5th Cir. 1990). The general rule is that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or

otherwise . . . ." 28 U.S.C. § 1447(d). "This proscription includes petitions for mandamus." *In re Adm'rs of Tulane Educ. Fund*, 954 F.2d 266, 268 (5th Cir. 1992). Section 1447(d)'s proscription, however, "must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Ernewayn v. Home Depot U.S.A., Inc.*, 727 F.3d 369, 371 (5th Cir. 2013) (quoting *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995)). "The untimeliness of a removal petition is a ground for remand that is authorized under [§] 1447(c)." *BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 470 (5th Cir. 2012).

### III

The district court here based its remand on untimeliness, which largely deprives us of appellate jurisdiction. *See id.* at 472. Silverberg and FCI raise two contrary arguments. They first contend that the district court's decision went beyond a mere timeliness determination. It addressed "an unresolved tension in the law" by holding that although "any party" can remove a copyright case under 28 U.S.C. § 1454(b)(1), the 30-day clock may begin irrevocably to run before an intervenor even shows up. But this is not enough to overcome the § 1447(d) jurisdictional limit on review of remand orders. "The [district court's] break from its [§ 1447(c)] authority must be clear: 'we will only review remand orders if the district court *affirmatively* states a non-1447(c) ground for remand.'" *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 283 (5th Cir. 2004) (quoting *Smith v. Tex. Children's Hosp.*, 172 F.3d 923, 926 (5th Cir. 1999)). Here, the district court did not "*affirmatively*" state any ground besides untimeliness. Silverberg and FCI cite our previous decision reviewing the timeliness of an intervenor's removal. *Cf. FDIC v. Loyd*, 955 F.2d 316, 327 (5th Cir. 1992). But in *Loyd* we could exercise jurisdiction because the district court

acted *sua sponte* outside the 30-day period for objecting to removal. *Id.* at 323; *see id.* at 321 n.4. That is not the case here.

Silverberg and FCI also contend that this court has jurisdiction to review a remand order that was based on an untimely remand motion. But the district court correctly found that the remand motion, including later-filed supplemental arguments, was timely. In *BEPCO* we held that an argument raised in a reply brief—outside 30 days from removal—was a proper basis for remand as long as the original motion was timely. 675 F.3d at 471. The same principle applies here.

Finally, Silverberg and FCI say that we sometimes have jurisdiction to review discretionary decisions in a remand order. *See Schexnayder*, 394 F.3d at 283. The district court found a lack of "cause shown" to extend the time for removal under 28 U.S.C. § 1454(b)(2). This was not such a clear abuse of discretion that Silverberg and FCI have shown a "clear and indisputable" right to mandamus relief. *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987) (quoting *Kerr v. United States District Court*, 426 U.S. 394, 403 (1976)).

\* \* \*

We DENY the petition for a writ of mandamus and DENY the motion to stay as moot.[*]

---

[*] *See In re Beazley Ins. Co.*, No. 09-20005, 2009 WL 7361370, at \*3 n.7 (5th Cir. May 4, 2009) (denying mandamus and denying stay motion as moot).